IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Frenchis Gerald Abraham,<br><br>                  Plaintiff,<br><br>vs.<br><br>Lt. Brayboy, Lt. Cedric June,<br>Ofc. Xavier Burroughs, Cpl. Frank<br>Hickman, Ofc. J Remond, Ofc. J. Barr,<br>Sgt. Keith McBride, Ofc. Jennifer<br>Macaulay, Ofc. K. King, Ofc. Finnley,<br>LPN Courtney Dixon, Sgt Martha<br>Ramsay, Lt. Francis Bowman,<br>Ofc. R. Cain, Ofc Gerline Johnson,<br>Cpl. P. Bells, Ofc. Atkinson, and<br>Sgt. Daniel Cain,<br><br>                  Defendants. | Civil Action No. 6:14-1844-RMG-KFM<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment (doc. 29). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## BACKGROUND

The plaintiff is currently incarcerated at Broad River Correctional Institution within the South Carolina Department of Corrections ("SCDC"). The plaintiff filed a complaint claiming that his constitutional rights were violated while he was incarcerated at Lee Correctional Institution ("LCI"). Specifically, he alleges that multiple named defendants used excessive force against him on or about May 25, 2012; that multiple defendants were

deliberately indifferent to his serious medical needs; and that multiple defendants subjected him to unconstitutional conditions of confinement while he was incarcerated at LCI. At the time of the events alleged in the complaint, the defendants were all employees of the SCDC.

On May 12, 2014, the plaintiff filed his complaint (doc. 1). In an order filed that same date, the undersigned directed the plaintiff to bring the case into proper form by paying the filing fee if he was not indigent or by filing a motion for leave to proceed *in forma pauperis* if he was indigent (doc. 6). The plaintiff paid the full filing fee on June 9, 2014 (doc. 9). On June 10, 2014, the court issued an order (doc. 13) directing the Clerk of Court to issue the summonses and to forward copies of the summonses and complaint to the plaintiff. In that order, the undersigned emphasized that the "**plaintiff is responsible for service of process**" within 120 days of the date on which the summonses issued (doc. 13 at 2 (emphasis in original)). The summonses were issued by the Clerk of Court on June 10, 2014 (doc. 14). Accordingly service was due by October 14, 2014 (doc. 14).

On October 21, 2014, the defendants filed an answer that included an affirmative defense that the plaintiff had failed to serve all captioned defendants and that any defendants not properly served with the summons and complaint were entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) (doc. 19). On April 24, 2015, the defendants filed a motion for summary judgment (doc. 29), arguing that the case should be dismissed for lack of service. By order filed the same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), the plaintiff was advised of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately.

The plaintiff filed his response in opposition on June 1, 2015 (doc. 34). In his response, the plaintiff states that defendants Barr, Redmond, McBride, Dixon, Johnson, Atkinson, Burroughs, Sgt. Daniel Cain, and Ramsey were timely served on October 2, 2014, by John Adams & Associates (doc. 34-1 at 3). The plaintiff included as an exhibit the affidavits of service from John Adams, Process Server, stating that each of these defendants was served on October 2nd (doc. 34-2). With regard to the unserved

defendants, the plaintiff notes that on December 15, 2014, he served discovery requests on defense counsel seeking the addresses of defendants Bells, Brayboy, Hickman, Bowman, June, McCauley, King, Ofc. R. Cain, and Finnley, but he has not yet received any response (*id.* at 4; *see* doc. 34-3 at 5). The plaintiff further notes that the defendants on January 22, 2015, sought an extension of time in which to file their dispositive motion based upon their need to respond to the plaintiff's discovery requests (*see* doc. 25 at 1-2). In the motion for extension of time, defense counsel also noted that he was having difficulty in locating certain defendants who were no longer employed by the SCDC (*id.* at 2).

The defendants filed a reply to the plaintiff's response on June 8, 2015 (doc. 38). In that reply, defense counsel notes that the plaintiff did not file the affidavits of service as required by Federal Rule of Civil Procedure 4(l), although counsel acknowledges that this failure does not affect the validity of service. *See* Fed. R. Civ. P. 4(l)(3). Defense counsel further notes that the plaintiff's discovery requests were not sent until more than 60 days after the expiration of the initial service deadline. Defense counsel asks that the unserved defendants be dismissed from the action and that an extension of time be granted for filing of a motion for summary judgment as to any claims against the served defendants.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Federal Rule of Civil Procedure 4(m) provides that a plaintiff must serve a defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not served within that time, "the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* In *Malibu Media, LLC v. Doe*, the United States District Court for the District of Maryland recently acknowledged the "continuing ambiguity as to whether Rule 4(m) provides any latitude to the district court in granting a motion to extend time to effectuate service in the absence of good cause." 2015 WL 2345547, at *2 (D. Md. May 14, 2015). The court explained:

> The Advisory Committee Notes to Rule 4(m) provide that the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed.R.Civ.P. 4(m) advisory committee's note. In *Mendez v. Elliott*, the Fourth Circuit held, without addressing this note, that "Rule 4(m) requires that if the

4

complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." 45 F.3d 75, 78 (4th Cir.1995). The Supreme Court, however, in *Henderson v. United States*, in dicta, referenced the Advisory Committee Notes and observed that "courts have been accorded discretion to enlarge the 120 day period even if there is no good cause shown." 517 U.S. 654, at 662 and 658 n.5 (1996). Most Circuits have held that a Rule 4(m) motion may be granted even in the absence of good cause.

The Fourth Circuit, however, nominally reaffirmed its commitment to *Mendez*. In an unreported decision, *Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. Nov.12, 2013) (per curiam), the Fourth Circuit affirmed the trial court's determination that it lacked discretion under *Mendez* to grant an extension of time absent a showing of good cause, which Plaintiff's request lacked. *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 294 (D. Md. 2013) ("This court joins the recent groundswell of cases affirming the import of the good cause requirement announced in *Mendez*.").[1] The Supreme Court granted certiorari in *Chen* on the question of whether a district court has discretion to extend time. 135 S.Ct. 475 (Nov. 7, 2014). The plaintiff, however, failed to timely respond to the writ, and it was subsequently dismissed. 135 S.Ct. 939 (Jan. 9, 2015).

> FN1. In other unpublished opinions, the Fourth Circuit has assumed, without explicitly overruling *Mendez*, that the Court has discretion in granting a Rule 4(m) motion in the absence of good cause. *See Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir.2010) ("The district court must extend the 120–day period if the plaintiff shows good cause for his failure to serve the defendant. Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve."); *Giacomo–Tano v. Levine*, No. 98–2060, 1999 WL 976481, at *2 (4th Cir. Oct.27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); *Scruggs v. Spartanburg Reg'l Med. Ctr.*, No. 982364, 1999 WL 957698, at *2 (4th Cir. Oct.19, 1999) ("Although this observation [in Henderson] was not a holding by the Supreme Court, we regard the Court's statement as persuasive as to the meaning of Rule 4(m). Accordingly, we believe that the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its belief to the contrary.").

*Id.* (parallel citations omitted).

Here, even assuming that good cause is required for an extension under Rule 4(m), the undersigned finds that good cause has been shown by the plaintiff given his attempt to ascertain addresses for the unserved defendants through discovery and the defendants' failure to respond to his discovery requests.

## CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS ORDERED that the defendants respond to the plaintiff's discovery requests on or before June 16, 2015. If the defendants do not have certain information, they should so respond. The defendants are further directed to file a copy of their responses with the court. Furthermore,

IT IS RECOMMENDED that the defendants' motion for summary judgment (doc. 29) for insufficient service of process be denied at this time. The undersigned further recommends that the plaintiff's time period for service under Rule 4(m) be extended. Should the district court adopt this recommendation, the undersigned recommends that the defendants be given additional time after the expiration of time for service in which to file a motion for summary judgment addressing the merits of the plaintiff's claims and renewing the motion to dismiss for insufficient service of process should the plaintiff fail to timely serve any of the unserved defendants.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald  
United States Magistrate Judge

June 9, 2015  
Greenville, South Carolina

6