IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frenchis Gerald Abraham, ) | |
| ) | Civil Action No.: 6:14-cv-1844-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Lt. Brayboy, Lt. Cedric June, Ofc. Xavier ) | |
| Burroughs, Cpl. Frank Hickman, Ofc. J. ) | |
| Remond, Ofc. J. Barr, Sgt. Keith McBride, ) | |
| Ofc. Jennifer Macaulay, Ofc. K. King, ) | |
| Ofc. Finnley, LPN Courtney Dixon, Sgt. ) | |
| Martha Ramsay, Lt. Francis Bowman, ) | |
| Ofc. R. Cain, Ofc. Gerline Johnson, ) | |
| Cpl. P. Bells, Ofc. Atkinson, and Sgt. ) | |
| Daniel Cain, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 79). For the reasons below, this Court adopts the R & R and grants in part and denies in part Defendants' motion for summary judgment. (Dkt. No. 62).

## Background

Plaintiff—then an inmate at Lee Correctional Institute—alleges that on May 25, 2012, at approximately 5:00 p.m., he refused a directive from Defendants Brayboy, June, Burroughs, Jenkins, and Davis to back up to the food flap in his cell so that he could be restrained for a cell search. (Dkt. No. 1 at 4–5). Defendant Brayboy sprayed Plaintiff with chemical munitions, and Defendant Burroughs urged Plaintiff to comply with their instructions because Defendant Burroughs knew Plaintiff "was sick." (*Id.* at 5). When Defendant Brayboy asked what Defendant Burroughs meant, Defendant Burroughs notified him that Plaintiff had recently returned from surgery, had sutures in his abdomen, and was experiencing physical difficulties.

1

(*Id.*). Defendant Brayboy sprayed Plaintiff several additional times with chemical munitions, and Defendants Brayboy, June, and D. Cain, and unnamed others entered into his cell, handcuffed him, and kicked and stomped him from several directions while he was handcuffed. (*Id.*).

Plaintiff further alleges that Defendant Brayboy directed the other Defendants to drag him from his cell to an outside recreation area, where he was stripped, searched, and returned to his cell naked. (*Id.* at 5–6). Plaintiff alleged that Defendant June clubbed him in the groin, and that Defendant Brayboy directed other Defendants to leave him in a puddle of chemical munitions that was on the cell floor. (*Id.* at 6).

Plaintiff claims that he was unable to move or cry out for help while he lay on the cell floor with the chemical munitions burning his body. He alleges that Defendants Dixon, Brayboy, June, D. Cain, Hickman, McBride, Barr, Redmond, Finnley, Macaulay, King, Bowman, Bells, Atkinson, and Burroughs observed him while he was unresponsive and unmoving, but did nothing to ensure that he received medical attention for about an hour and a half. (*Id.* at 8)

At approximately 6:25 p.m., Plaintiff was placed in a wheelchair, seen by LCI medical staff, and then transported to the emergency room. (*Id.* at 7). When he was released from the emergency room, Plaintiff received discharge papers that stated that he had been treated for physical assault and was informed that he would be sore for several days. (*Id.*)

When Plaintiff returned to this cell around 3:30 a.m., he discovered that his mattress had been removed from his cell. Plaintiff asked Defendant Ramsey to provide him with a mattress and allow him to take a shower to wash off the chemical munitions. Defendant Ramsey refused

2

both requests. Over the next few days, Defendants Bowman, R. Cain, and Johnson also allegedly refused Plaintiff's requests for a mattress and a shower.

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that Defendants (1) used excessive force on Plaintiff by kicking, dragging, and clubbing him while he was in restraints; (2) were deliberately indifferent to Plaintiff's medical needs; and (3) subjected Plaintiff to unconstitutional conditions of confinement when they refused to provide him with a mattress and a shower.

Defendants filed a motion to dismiss (Dkt. No. 62), and the Magistrate Judge issued a R & R recommending that the Court grant the motion for summary judgment in part and deny it in part. Defendants filed timely objections regarding the excessive force, deliberate indifference, and conditions of confinement claims (Dkt. No. 84), and Plaintiff did not object to the R & R.

## Legal Standard

### A. Report and Reccomendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## Discussion

### A. Insufficient Process

Plaintiff filed his complaint on May 12, 2014. (Dkt. No. 1). Summonses were issued on June 10, 2014, and Plaintiff timely served Defendants Barr, Redmond, McBride, Dixon, Johnson, Atkinson, Burroughs, Sgt. Daniel Cain, and Ramsey on October 2, 2014. (Dkt. No. 34-2). More than two years have passed since Plaintiff filed this action, and he has failed to provide proof of service for the remaining unserved Defendants.[1] Accordingly, the Magistrate Judge

---

[1] Although Plaintiff filed this action *pro se*, he did not do so *in forma pauperis*. In addition to paying the filing fees, Plaintiff paid a process server. (Dkt. No. 34-2).

4

recommends dismissing Defendants Brayboy, June Hickman, Macaulay, King, Finnley, Bowman, Bells, and R. Cain from this action pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. The Court adopts the Magistrate Judge's recommendation and dismisses Defendants Brayboy, June, Hickman, Macaulay, King, Finnley, Bowman, Bells, and R. Cain for insufficient service of process.

*B. Excessive Force*

To prevail on an excessive force claim, Plaintiff must demonstrate that (1) the "deprivation suffered or injury inflicted . . . was sufficiently serious," and (2) the "prison official acted with a sufficiently culpable state of mind." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Here, Plaintiff alleges that Defendant D. Cain was one of three SCDC employees who dragged, kicked, and clubbed Plaintiff while he was in restraints with the intent to maliciously and sadistically cause harm. (Dkt. No. 1 at 8). Based in part on this allegation, the Magistrate Judge recommended denying the motion for summary judgment as it pertained to the excessive force claim against Defendant D. Cain.

Defendants object to the Magistrate Judge's recommendation on three grounds. First, Defendants assert that the only specific allegation against Defendant D. Cain is that he cut off Plaintiff's clothes when he was removed from the cell. (Dkt. No. 84 at 9). This is simply incorrect. Plaintiff's complaint clearly alleges that Defendant D. Cain was one of three individuals who dragged, kicked, and clubbed Plaintiff while he was in restraints. (Dkt. No. 1 at 8).

Defendants next assert that the excessive force claims against Defendant D. Cain should be dismissed because he is not mentioned in Brayboy's Use of Force and Incident Reports. (*See* Dkt. No. 62-2 at 3–4). To be sure, the Use of Force and Incident Reports do not mention

5

Defendant D. Cain. However, these forms address only Brayboy's use of chemical munitions. Defendant Dixon's entry in Plaintiff's medical history log for May 25, 2012, mentions "security" and a "forced cell movement," both of which suggest that more SCDC employees than Brayboy may have been involved in the alleged incident. If Defendant D. Cain was indeed not present for this incident, Defendants may provide evidence to that effect for the jury to weigh at trial. (Dkt. No. 1-1 at 5–6).

Third, Defendants assert that the use of force was necessary "to ensure Plaintiff's compliance and maintain order and control the situation created by Plaintiff." (Dkt. No. 84 at 9). As the Magistrate Judge keenly noted, Defendants' own records contradict this assertion. (*See* Dkt. No. 62-2 at 3–4 (stating that Plaintiff complied with all directives after being sprayed with chemical munitions)).

For the reasons above, the Court adopts the Magistrate Judge's recommendation to deny Defendants' motion for summary judgment as it relates to the excessive force claim against Defendant D. Cain.

C. *Deliberate Indifference to Serious Medical Need*

Plaintiff alleges that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment when they failed to provide him with medical care for 1.5 hours following the May 25, 2012 incident. To prevail on a deliberate indifference claim, Plaintiff must satisfy two factors. First, Plaintiff must demonstrate that the deprivation suffered or injury inflicted was sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Fourth Circuit defines a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

6

necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

Second, Plaintiff must show that Defendants acted with deliberate indifference to his serious medical need. *See Farmer*, 511 U.S. at 834. Deliberate indifference can be established by showing that the medical treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. Mere negligence in diagnosis or treatment is insufficient to establish deliberate indifference, but intentional acts to delay or deny access to medical care or ignoring a known serious medical need may evince deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976); *Young v. City of Mount Ranier*, 238 F.3d 567, 576 (4th Cir. 2001). Moreover, a delay in medical treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain. *See Smith v. Smith*, 589 F.3d 736, 738–39 (4th Cir. 2009); *see also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Defendants assert that Plaintiff's deliberate indifference claim should not survive summary judgment because "leaving Plaintiff in his cell for 1.5 hours after use of chemical munitions was not deliberate indifference." (Dkt. No. 84 at 11). However, Plaintiff does not simply allege that he was left in his cell for 1.5 hours. Plaintiff alleges that he was sprayed with chemical munitions, dragged, clubbed, and kicked before he was left in a puddle of chemical munitions for 1.5 hours. He further alleges that at least some of the Defendants knew or had been informed that he had recently returned from surgery, had sutures in his abdomen, and was experiencing physical difficulties. Finally, Plaintiff alleges that he was in pain and too weak to cry out, Defendant Dixon noted that Plaintiff was unresponsive and unmoving, and Plaintiff was

7

subsequently transported to the emergency room. Taken in a light most favorable to Plaintiff, a jury could find that (1) Plaintiff's medical need was so obvious that even a layperson would recognize the need for medical attention, and that (2) ignoring this need for 1.5 hours evinces deliberate indifference. Defendants' assertions to the contrary would require the Court to weigh the evidence, which is inappropriate at the summary judgment stage. Accordingly, the Court adopts the Magistrate Judge's recommendation to deny summary judgment as to the deliberate indifference claims against Defendants D. Cain, Barr, Redmond, McBride, Burroughs, Atkinson, and Dixon.

### D. *Conditions of Confinement*

Plaintiff alleges that when he returned to his cell at LCI from the emergency room ON May 26, 2012, his mattress had been removed. He allegedly asked several Defendants over a three or four day period for a mattress and a shower to decontaminate from the chemical munitions, but they refused his requests. Plaintiff alleges that sleeping on a concrete floor and not being allowed to rinse the chemical munitions from his body made him "sore and stiff for several days/months" and caused him to "suffer[] unnecessary and prolonged chronic pain and suffering that affected his daily activities." (Dkt. No. 74).

As a preliminary matter, the Fourth Circuit has previously held that the denial of decontamination can give rise to an Eighth Amendment claim. *See Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (holding that not allowing an inmate to decontaminate for 8 hours could give rise to an Eighth Amendment claim); *see also Mann v. Failey*, 578 F. App'x 267 (4th Cir. 2014). Here, Plaintiff alleges that he was not allowed to decontaminate for approximately four days. Defendants argue that Plaintiff's conclusory allegations should not trump the absence of medical records corroborating his complaints. (Dkt. No. 84 at 11-12). However, Plaintiff's

affidavit creates a material issue of fact sufficient to defeat summary judgment. *See Mann v. Failey*, 578 F. App'x 267, 272 n.2 (4th Cir. 2014) (noting that because the district court may not weigh evidence at the summary judgment stage, a plaintiff's "self-serving" declarations may create a genuine issue of material fact). Accordingly, the Court finds that Plaintiff may proceed on the decontamination claim against Defendants Ramsey and Johnson.

To prevail on his mattress-deprivation Eighth Amendment conditions of confinement claim, Plaintiff must prove that (1) "the deprivation suffered or injury inflicted . . . was sufficiently serious (objective component)" and (2) that "the prison official acted with a sufficiently culpable state of mind (subjective component)." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). In a previous § 1983 action in this Court, Plaintiff asserted, *inter alia*, an Eighth Amendment conditions of confinement claim that survived summary judgement against SCDC employees for denying his requests for a mattress for 20 days. *See Abraham v. Yarborough*, No. 6:13-cv-769-RMG (D.S.C. Mar. 13, 2014) (Dkt. No. 59 at 5–9). Although the three or four day deprivation of a mattress alleged in this action is substantially shorter than the 20-day deprivation alleged in the previous action, it should also survive summary.

Turning first to the objective prong of the analysis, a reasonable jury could find that forcing Plaintiff to sleep on a concrete slab without a mattress for three days immediately after his return from the emergency room and shortly on the heels of his abdominal surgery caused sufficiently serious pain and injury as to offend contemporary standards of decency and amount to a denial of "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

At the summary judgment stage of proceedings, the Court is also required to draw all inferences in favor of Plaintiff. Because Defendants have failed to identify a penological or

9

logistical reason for repeatedly refusing Plaintiff's requests for a mattress, a reasonable jury could infer that Defendants acted with deliberate indifference to his complaints of pain. Therefore, Plaintiff's conditions of confinement claims against Defendants Ramsey and Johnson regarding the deprivation of the mattress survive summary judgment.

Defendants' objections suggest that Plaintiff's claims should not survive summary judgement because there are records that demonstrate that Plaintiff was "seen and evaluated by medical professionals at an outside non-SCDC medical facility and returned to Lee without any discharge instructions or indication that [he] actually received any treatment for any physical injuries." (Dkt. No. 84 at 11–12). These facts are—at best—tangentially relevant to Plaintiff's claims that he was refused a mattress and an opportunity to decontaminate for several days *after* he returned to his cell. After reviewing these objections and making all inferences in the light most favorable to Plaintiff, the Court adopts Magistrate Judge's recommendation as the order of the Court.

### Conclusion

After thoroughly reviewing the record, the R & R, Defendants' objections, and the relevant case law, the Court **ADOPTS** the R & R as the order of the Court and **GRANTS** in part and **DENIES** in part Defendants' second motion for summary judgment (Dkt. No. 62). Defendants Brayboy, June, Hickman, Macaulay, King, Finnley, Bowman, Bells, and R. Cain are dismissed for insufficient service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

September 20, 2016
Charleston, South Carolina